UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                              :
RAWLE DAISLEY,                                :
                                              :
                          Plaintiff,          :
                                              :              MEMORANDUM
          - against -                         :              AND ORDER
                                              :
FEDEX GROUND PACKAGE SYSTEM,                  :              08 CV 4063 (JG) (LB)
INC.,                                         :
                                              :
                          Defendant.          :
------------------------------------------------------------- X

A P P E A R A N C E S :

          RAWLE DAISLEY
                181 Sewanee Avenue
                Elmont, NY 11003
                Plaintiff, *pro se*

          RICHARD S. MEYER
                Blank Rome LLP
                405 Lexington Avenue
                New York, NY 10174
          By:   Shawnda M. Grady
                Attorney for Defendant

JOHN GLEESON, United States District Judge:

          Plaintiff Rawle Daisley filed the *pro se* complaint in this case against defendant

FedEx Ground Package System, Inc. ("FedEx").  Daisley alleges a breach of contract arising out

of a series of events that occurred while Daisley was an independent contractor for FedEx,

culminating in FedEx's refusal to allow Daisley onto FedEx property to remove his trucks and

assign the rights to his route to a prospective buyer.  While it is not explicitly alleged, I construe

Daisley's complaint to include a claim for conversion based on his allegations that FedEx

deprived him of the use and possession of his delivery trucks.  FedEx now moves to dismiss for

failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to compel arbitration in accordance with the terms of the employment Agreement. For the reasons stated below, I grant defendant's motion to dismiss with respect to all claims and defendant's motion to compel arbitration of Dailey's alleged breach of contract that occurred on September 14, 2002 because it is timely but is subject to an arbitration agreement.

BACKGROUND

The following facts are drawn from the plaintiff's complaint, filed September 15, 2008, and are assumed to be true for the purposes of this motion.

On or about February 13, 1996, Daisley and FedEx entered into an employment agreement (hereinafter "Agreement"), by which Daisley became an independent contractor for RPS, FedEx's predecessor.[1] In accordance with the Agreement, Daisley purchased and maintained two trucks for use in delivering packages for FedEx. After some unspecified period of time, Daisley arrived early to work to discover that packages designated for delivery on his truck were being moved to other trucks without cause by the FedEx package manager, Chris Shea. After notifying the terminal manager, Tony Tucker, of the situation, Daisley "found himself fighting to secure his job" and was subjected to harassment. Compl. ¶8. This harassment included FedEx substituting one of its own drivers for Daisley -- which was prohibited by the Agreement, withholding funds owed to Daisley for work performed outside of his primary delivery area, reassigning Daisley's deliveries and distributing them to FedEx-preferred drivers, prohibiting two FedEx employees from working for Daisley, and using Daisley's trucks to make deliveries, presumably without his consent. In addition, over the course

---

[1] Daisley alleges that the Agreement was entered into on February 13, 1996. Compl. ¶5. However, the only copy of the Agreement furnished to the Court was supplied by FedEx and shows that the Agreement was signed April 7, 1997. Def's Mot. to Dismiss, Ex. A (hereinafter "Agreement") at 38.

of six years, various FedEx employees -- including Shea, Marco Guerrero, and Gerald Brown -- interfered with and altered Daisley's logs and reports, resulting in Daisley being improperly compensated. Guerrero and Brown also removed and destroyed Daisley's files, namely those from July-September 2002, in an effort to cover-up any wrongdoing on the part of FedEx and its agents. Daisley also alleges that FedEx restricted the doctors and institutions from whom and from which Daisley could seek medical examinations and tests.

These events culminated on September 14, 2002, when FedEx and its agents refused Daisley access to FedEx's property to remove his trucks. On the same date, FedEx and its agents prohibited Daisley from assigning the rights to his route and selling his trucks to a prospective buyer, Gary Sullivan, as permitted by the Agreement.

On Monday, September 15, 2008, Daisley filed the complaint in the Supreme Court of the State of New York, County of Queens. FedEx removed the action to this court on October 3, 2008 based on the diversity of citizenship of the parties. Oral argument of its motion to dismiss was held on November 18, 2008.

## DISCUSSION

A.      *The Legal Standard*

    1.      *Motion to Dismiss*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give

effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds on which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*).

When considering a motion to dismiss, a court may examine (1) the factual allegations in the complaint, which are accepted as true; (2) documents attached to the complaint as an exhibit or incorporated in it by reference;[2] (3) matters of which judicial notice may be taken; or (4) documents either in the plaintiff's possession or of which the plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

2.    *Statute of Limitations*

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626-627 (2d Cir. 1998) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-109 (1945)). Accordingly, notwithstanding the choice of law provision

---

[2]    Although the Agreement is not attached to the complaint, because Daisley refers to it throughout his complaint, it is deemed incorporated by reference.

in Daisley's employment agreement, New York's statutes of limitations are applicable to Daisley's claims.[3]

In New York, the statute of limitations for breach of contract claims is six years, N.Y. C.P.L.R. § 213(2), and "begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." *ABB Indus. Sys. Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 360 (2d Cir. 1997). The statute of limitations for conversion claims, which sound in tort, not contract, is three years in New York. N.Y. C.P.L.R. § 214(3). In an action for conversion, "the statute of limitations ordinarily begins to run when the conversion takes place, rather than when the injured party discovers the injury and makes a demand for the property." *Walling v. Holman*, 858 F.2d 79, 83 (2d Cir. 1988).[4]

Additionally, equitable tolling is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (noting that New York law authorizes the use of the equitable estoppel doctrine to toll a statute of limitations "'when the plaintiff was induced by fraud,

---

[3]     While the Agreement's choice of law provision states that it shall be governed by Pennsylvania law (§ 19 of the Agreement), I must apply New York statutes of limitation. "[I]n cases involving a contract with an express choice-of-law provision [it is clear that a]bsent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000). However, while New York applies choice of law clauses to questions of substantive law, it does not apply them to matters of procedure. *Woodling v. Garrett Corp.*, 813 F.2d 543, 551-52 (2d Cir. 1987) ("The contractual choice of law provision is deemed to import only substantive law, however, not procedural law."). New York regards statutes of limitations as part of the state's procedural law. *Tanges v. Heidelberg North America, Inc.*, 710 N.E.2d 250, 252-253 (1999) ("In New York, Statutes of Limitation are generally considered procedural …."). Accordingly, it generally does not apply choice of law clauses to statute of limitations questions. *Ins. Co. of N. Am. v. ABB Power Generation, Inc.*, 925 F. Supp. 1053, 1059 (S.D.N.Y. 1996).

[4]     If Pennsylvania statutes of limitations were applicable in this case, all of plaintiff's claims would be untimely, including the breach of contract claim based on the events of September 14, 2002. The limitations periods for breach of contract and conversion are shorter in Pennsylvania than in New York. In Pennsylvania, the statute of limitations for a breach of contract claim is four years, 42 Pa.C.S.A. § 5525(a)(8), and for conversion it is two years. 42 Pa.C.S.A. § 5524(3).

misrepresentations or deception to refrain from filing a timely action'" (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (3d Dep't 2005))).  The plaintiff bears the burden of establishing equitable tolling.  *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

B.      *Daisley's Complaint*

    1.      *Breach of Contract Claims*

    As noted above, the statute of limitations for breach of contract claims in New York is six years, and the cause of action accrues at the time of breach.  At first blush, Daisley's complaint appears to be time-barred because it was filed on September 15, 2008, six years and one day after any claim arising out of conduct on September 14, 2002 may have accrued.  However, when the last day of the limitations period falls on a Sunday -- as it did in this case -- that day is excluded and the period runs until Monday.  Fed. R. Civ. P. 6(a)(3).  Accordingly, in this case any claimed breach of contract that occurred before September 14, 2002 (*see* Compl. ¶¶ 11, 12, 14, 15) is barred by the statute of limitations unless Daisley can show that he is entitled to equitable tolling.  Daisley has made no showing that equitable tolling is warranted in this case.  Accordingly, the defendant's motion to dismiss Daisley's breach of contract claims that accrued prior to September 14, 2002 is granted.

    Construing Daisley's complaint liberally, it alleges that on September 14, 2002, Daisley had an enforceable employment contract with FedEx, which it breached by improperly barring him from the property.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).  Thus, Daisley's September 14, 2002 breach of contract claim is timely.  However, because that claim relates to the termination of his employment under the Agreement, which includes an

indisputably valid agreement to arbitrate, it is subject to arbitration under the Agreement.
Agreement § 12.3.

Accordingly, I dismiss Daisley's timely breach of contract claim because it is subject to arbitration under the Agreement and grant defendant's motion to compel arbitration with respect to this claim.[5]  9 U.S.C. §§ 3-4; *see Drakeford v. Washington Mut*., 2008 WL 2755838 at *2 (S.D.N.Y. 2008)  ("Under the Federal Arbitration Act …, a district court may dismiss or stay the court proceedings if it finds a valid arbitration agreement exists, and may compel arbitration when a party refuses to comply with that agreement.").

2. *Conversion*

Daisley's conversion claims are untimely, requiring their dismissal.  The statute of limitations for such claims is three years.  Daisley's claims accrued on September 14, 2002, when FedEx prevented Daisley from removing, and thus selling, his trucks.  Thus, the conversion claims, which were filed on September 15, 2008, must be dismissed as untimely because the statute of limitations for such claims expired on September 14, 2005 and equitable tolling is unavailable to Daisley.

---

[5]    Although Daisley's claim is likely barred for failure to mail a notice of a demand for arbitration within 90 days, as required by § 12.3(a) of the Agreement, such determinations are for the arbitrator and not the court to make.  *See AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986) (A question of "arbitrability," of whether the parties have submitted a particular dispute to arbitration, is "an issue for judicial determination."); *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002) ("'Procedural'" questions growing out of the dispute and bearing on the final disposition, such as whether prerequisite steps to arbitration were completed or addressing allegations of waiver and delay, are for an arbitrator and not a judge to decide. (quoting *John Wiley & Sons, Inc., v. Livingston*, 376 U.S. 543, 557 (1964) and citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983))); Revised Uniform Arbitration Act of 2000 § 6(b)-(c) & cmt. 2, 7 U.L.A. 12-13 (Supp. 2002) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled" and "[t]he court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate. … [I]n the absence of an agreement to the contrary, issues of substantive arbitrability … are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide.").

CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is granted with respect to all claims and defendant's motion to compel arbitration is granted with respect to Daisley's September 14, 2002 breach of contract claim. The Clerk is respectfully directed to close the case.

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
        December 1, 2008